IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Weigand, #286811, )<br>                                      )<br>                Petitioner, )<br>                                      )<br>vs. )<br>                                      )<br>Warden Broad River Correctional )<br>Institution; State of South Carolina, )<br>                                      )<br>                Respondents. )<br>_____) | C/A No. 0:08-02034-SB-PJG<br><br>**REPORT AND RECOMMENDATION** |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the petitioner's motion for summary judgment (Docket Entry 17) and the respondents' motion for summary judgment (Docket Entry 18). The petitioner, David Weigand ("Weigand"), a state prisoner who is proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 22, 2008.

On August 25, 2008, Weigand filed a motion for summary judgment (Docket Entry 17) to which the respondents timely responded on September 12, 2008 (Docket Entry 24). On September 3, 2008, the respondents filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). (Docket Entry 18.) By order filed September 4, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 20.) Weigand timely filed a response in opposition to respondents' motion. (Docket Entry 28.) These motions are now before the court for a Report and Recommendation.

PJG

**BACKGROUND**

Weigand was indicted in August 2002 in Clarendon County for armed robbery, grand larceny, and entering a bank with intent to steal (02-GS-14-357). (See PCR[1] R. on App. at 62-66A, Docket Entry 19-2 at 64-69.) Weigand was represented by Harry Devoe, Esquire, and on August 27, 2002, pled guilty to all charges. (PCR R. on App. at 3-19, Docket Entry 19-2 at 3-21.) The circuit court sentenced Weigand to eighteen years each on the counts of armed robbery and entering a bank with intent to steal and five years on the count of grand larceny, to run concurrently. (Id.) Weigand is currently incarcerated at Broad River Correctional Institution in Columbia, South Carolina. Weigand did not file a direct appeal.

On December 9, 2002, Weigand filed an application for post-conviction relief ("PCR"). (See Weigand v. State of South Carolina, 02-CP-14-553, PCR R. on App. at 20, Docket Entry 19-2 at 22.) Weigand raised the following issues in his PCR application:

1.  Ineffective assistance of counsel.

2.  Guilty plea was not knowing, voluntary, and intelligent.

3.  The trial court lacked subject matter jurisdiction.

(PCR R. on App. at 21, Docket Entry 19-2 at 23.) The State filed a Return on April 7, 2004. (PCR R. on App. at 26, Docket Entry 19-2 at 28.)

On June 7, 2004, the PCR court held an evidentiary hearing at which Weigand was represented by John Land IV, Esquire. (PCR R. on App. at 32-54, Docket Entry 19-2 at 34-56.) The PCR judge denied Weigand's PCR application by order filed August 4, 2004. (Docket Entry 19-3.)

---

[1]Post-Conviction Relief.

Attorney Land timely filed a Notice of Appeal with the South Carolina Supreme Court. (Docket Entry 19-4.) Weigand was represented by Robert M. Pachak, Esquire, of the South Carolina Office of Appellate Defense. On September 8, 2005, Attorney Pachak filed a Johnson[2] Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which he raised the following issue:

> Whether petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama?

(Docket Entry 19-5.) Weigand then filed a *pro se* petition in which he alleged (1) ineffective assistance of counsel, (2) involuntary guilty plea, and (3) double jeopardy. (See Docket Entry 19-6.)

The South Carolina Supreme Court transferred the PCR appeal to the South Carolina Court of Appeals. On June 28, 2007, the South Carolina Court of Appeals denied the petition for a writ of certiorari. (Docket Entry 19-7.) The remittitur was issued on July 16, 2007. (Docket Entry 19-8.)

In Weigand's petition for a writ of habeas corpus filed in this court, he raises the following claims:

 1. **Subject Matter Jurisdiction**—Weigand contends that he did not waive indictment and that the indictment failed to allege the essential element "Asportation."

 2. **Invalid and Involuntary Plea**—Weigand alleges that he failed to understand the charges and the factual basis were insufficient for the Court to accept the plea, that

---

[2]Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



>
> his plea was invalid and involuntary; and that the court made the plea conditional and thereby invalid by South Carolina law.
>
> **3.     Ineffective Assistance of Counsel**—Weigand asserts that counsel gave him erroneous advice to plead guilty when there were many valid defenses for trial and that counsel failed to obtain or request a psychological evaluation prior to advising Weigand to plead guilty.

(See Pet., Docket Entry 1; see also Mem. of Law & Initial Br. in Supp. of Pet., Docket Entry 1-2.)

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(e).  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.     Habeas Corpus Standard of Review Generally**

Weigand's petition for a writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254.  In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 410 (2000);  see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005);  McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).



**C.     Weigand's Motion for Summary Judgment**

Weigand contends that he is entitled to summary judgment based on the fact that the respondents filed a motion for an extension of time to file their return to the petition on the day that their return was due—August 4, 2008. By order dated August 5, 2008, the court granted the respondents' extension request and ordered that the respondents file their return by September 3, 2008. (Docket Entry 13.) The respondents timely filed their return on September 3, 2008. (Docket Entry 19.) Accordingly, the court recommends that Weigand's motion for summary judgment be denied.

**D.     Respondents' Motion for Summary Judgment**

The respondents argue that the petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Weigand's conviction became final ten days after August 27, 2002, the date of his plea, as this was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. Rule 203(b)(2), SCACR. Thus, his conviction became final on September 6, 2002. Accordingly, the limitations period expired on September 6, 2003, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2).

Weigand filed a state PCR application on December 9, 2002. At that point, 94 days of non-tolled time had run since the period of limitations began on September 6, 2002. The period of limitations was tolled during the pendency of the PCR action until no later than July 16, 2007, when the South Carolina Court of Appeals issued the remittitur from its order denying certiorari review



on the PCR order of dismissal.  See, e.g., Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (holding that "that § 2244(d)(2) does not toll the limitations period from the time of denial of state habeas relief by the state high court until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari").

Pursuant to Houston v. Lack, 487 U.S. 266, 270-71 (1988), a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court.  The Houston v. Lack delivery date of the instant petition is May 22, 2008, at which point 311 days of non-tolled time had run from the final denial of the state PCR action.  Adding the 94 days that accrued between the expiration of the period of limitations and the filing of the PCR application results in a total of 405 days of non-tolled time.

Weigand acknowledges that his petition "may be nearly one (1) month beyond his one (1) year filing date" but claims that the statute of limitations period should be tolled because its untimely filing was due to circumstances beyond his control.  (Pet., Docket Entry 1 at 13.)  Specifically, he claims that he had limited access to the law library, experienced room changes at his facility that further limited library access, was placed in protective custody, and underwent surgery and recovery, which "curbed his ability to meet his deadline for this action."  (Id.)

In Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the United States Court of Appeals for the Fourth Circuit analyzed a claim of equitable tolling against a § 2244(d) deadline as follows:

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th



> Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330.

Assuming Weigand's factual allegations to be true, he fails to establish the type of extraordinary circumstances necessary to entitle a petitioner to equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.") (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).  Weigand argues that he was in protective custody (March 9, 2007 to March 22, 2007 and March 30, 2007 to September 24, 2007) and recovering from surgery (September 24, 2007 to October 11, 2007) and therefore his time should be tolled during those periods.  However, Weigand's limitation period was already tolled from December 9, 2002, the date that he filed his PCR application, until July 16, 2007, the conclusion of his PCR action.  Therefore, construing Weigand's Petition liberally, the total additional time that Weigand believes should be tolled is from July 16, 2007, the conclusion of the PCR action, until October 11, 2007, the conclusion of Weigand's recovery from surgery, which equals 86 days.  Thus, even accounting for his time in protective custody and in surgery recovery, Weigand had 185 days remaining to timely file his habeas petition.



Protective custody, surgery recovery, and limited access to the law library are not the types of extraordinary circumstances that justify the "guarded and infrequent" application of equitable tolling. See Harris, 209 F.3d at 330; see, e.g., Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (affirming the district court's rejection of equitable tolling, in part because petitioner's claims as to his health did not show he was in any way incompetent for a substantial part of the limitations period); Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (stating that limited access to a law library is not grounds for equitable tolling). Moreover, even if they were, Weigand has not established that these circumstances made it impossible for him to timely file. Harris, 209 F.3d at 330 (stating that extraordinary circumstances must make it "impossible to file the claims on time").

## RECOMMENDATION

Based upon the foregoing, Weigand is not entitled to equitable tolling. The petition was not timely filed, and it is barred by § 2244(d)(1). Accordingly, the court recommends that the petitioner's motion for summary judgment (Docket Entry 17) be denied and the respondents' motion for summary judgment (Docket Entry 18) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 22, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).