IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2009 MAR 31  P 4: 45

David Weigand, #286811, )
)
        Petitioner, )
)   Civil Action No. 0:08-02034-SB-PJG
v. )
)
Warden, Broad River Correctional )   **<u>ORDER</u>**
Institution, State of South Carolina, )
)
        Respondents. )
_____)

    This matter is before the Court on the <u>pro se</u> Petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Local Rule 73.02(B)(2)(a), this matter was referred to a United States Magistrate Judge for preliminary review.

    On August 25, 2008, the Petitioner filed a motion for summary judgment to which the Respondents filed a response on September 12, 2008. In addition, on September 3, 2008, the Respondents filed a motion for summary judgment. On September 4, 2008, the Magistrate Judge issued an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the summary judgment procedures and the possible consequences of his failure to respond to the Respondents' motion. The Petitioner filed a timely response to the motion on September 26, 2008.

    On February 23, 2009, the Magistrate Judge issued a report and recommendation ("R&R"), recommending that the Court find the Petitioner's § 2254 petition untimely and grant the Respondents' motion for summary judgment. Attached to the R&R was a notice advising the parties of their right to file specific, written objections to the R&R within ten days. Objections were initially due on March 12, 2009, but on March 10, 2009, the Petitioner filed a motion for an extension of time to file his objections. The Court granted

his motion in an order filed March 10, 2009, and specifically instructed the Petitioner that any objections must be filed by March 26, 2009. On March 30, 2009, the Clerk of Court in Columbia received the Petitioner's objections,and they were filed on March 31, 2009. In the interest of fairness, the Court will consider the Petitioner's objections as timely filed.

## BACKGROUND

The Petitioner was indicted in August of 2002 in Clarendon County for armed robbery, grand larceny, and entering a bank with the intent to steal. (02-GS-14-357). Attorney Harry Devoe represented the Petitioner on these charges, and on August 27, 2002, the Petitioner pleaded guilty to all charges. The court sentenced the Petitioner to 18 years each on the counts of armed robbery and entering a bank with intent to steal and 5 years on the count of grand larceny, to run concurrently. Weigand did not file a direct appeal; he is currently incarcerated at the Broad River Correctional Institution in Columbia, South Carolina.

On December 9, 2002, the Petitioner filed an application for post-conviction relief ("PCR"), raising the following issues:

1. Ineffective assistance of counsel;
2. Guilty plea was not knowing, voluntary, and intelligent; and
3. The trial court lacked subject matter jurisdiction.

The State filed a return on April 7, 2004, and on June 7, 2004, the PCR court held an evidentiary hearing at which Attorney John Land IV represented the Petitioner. The PCR judge denied the Petitioner's PCR application by order filed August 4, 2004.

Attorney Land filed a timely appeal of the PCR judge's denial with the South Carolina Supreme Court, and on appeal, Attorney Robert M. Pachak of the South Carolina

Office of Appellate Defense represented the Petitioner. On September 8, 2005, Attorney Pachak filed a <u>Johnson</u> petition for a writ of certiorari and a motion to be relieved as counsel. In the <u>Johnson</u> petition, Attorney Pachak raised the issue of whether the Petitioner's guilty plea complied with the mandates set forth in <u>Boykin v. Alabama</u>. The Petitioner then filed a *pro se* petition, wherein he raised the issues of: (1) ineffective assistance of counsel; (2) involuntary guilty plea; and (3) double jeopardy.

The South Carolina Supreme Court transferred the PCR appeal to the South Carolina Court of Appeals. On June 28, 2007, the Court of Appeals denied the petition for a writ of certiorari, and the remittitur was issued on July 16, 2007.

On May 30, 2008, the Petitioner filed the present § 2254 petition, wherein he asserts the following issues: (1) subject matter jurisdiction; (2) invalid and involuntary plea; and (3) ineffective assistance of counsel.

## STANDARD OF REVIEW

**I.     Legal Standard for Summary Judgment**



Summary judgment is proper if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). If so, "the moving party is entitled to a judgment as a matter of law." <u>Id.</u> Summary judgment should not be viewed as "a disfavored procedural shortcut, but rather as an integral part of the Federal Rules." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986). Further, if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then summary judgment is proper. <u>Id.</u> at 322. All evidence "must be viewed in the light most favorable to the party opposing the motion." <u>U.S. v. Diebold, Inc.</u>,

369 U.S. 654, 655 (1962).

## II.    The Magistrate Judge's R&R

The Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for such objection. Id.

### DISCUSSION

In the R&R, the Magistrate Judge found the Petitioner's § 2254 petition untimely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In addition, the Magistrate Judge found that the Petitioner was not entitled to equitable tolling.

In his written objections, the Petitioner objects to the Magistrate Judge's finding that he is not entitled to equitable tolling and alleges that the following circumstances constitute "extraordinary circumstances" that made it impossible for him to file his petition on time: "protective custody, recovery of surgery, limited access to law library, room changes & unit changes, and also prison transfers." (Docket Entry #40 at 1.)

### A.    The AEDPA's Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

4

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Additionally, § 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

In the present case, as the Magistrate Judge noted, the Petitioner's conviction became final ten days after August 27, 2002, the date of his plea, as this was the last date on which he could file a notice of appeal with the South Carolina Supreme Court.[1]

---

[1] Because the Petitioner did not file a direct appeal, the 90-day period for seeking certiorari from the United States Supreme Court is not included. See Nichols v. Taylor, 2007 WL 2792137 (D.S.C. Sep. 21, 2007) (unpublished) (citing the following authorities: Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (stating that direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court); 28

See S.C.A.C.R. 203(b)(2). Therefore, his conviction became final on September 6, 2002. Accordingly, his one-year limitations period expired on September 7, 2003, unless the period was at any time tolled for a properly filed PCR application.[2] 28 U.S.C. § 2244(d)(2).

Here, the Petitioner filed his PCR application on December 9, 2002. At that point, at least 93 days of non-tolled time had run since the period of limitations began on September 7, 2003. The period of limitations was tolled during the pendency of the Petitioner's PCR application, or in other words, from December 9, 2002, until at least July 16, 2007, when the South Carolina Court of Appeals issued the remittitur from its order denying certiorari review.

In the R&R, the Magistrate Judge determined that the tolled period ended on July 16, 2007, and that, because the Petitioner did not file the present petition until May 22, 2008,[3] another 311 days of non-tolled time passed. Adding the 93 days of non-tolled time from before the Petitioner filed his PCR application to the 311 days of non-tolled time from after the denial of his PCR application, the Magistrate Judge determined that a total of 404

---

U.S.C. § 1257 (stating that the United States Supreme Court can only review on certiorari the final judgments of the "highest court of a state"); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (providing that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of the state court of last resort); S.C.A.C.R. 203(b)(2) (specifying a 10-day requirement for filing a notice of appeal of a criminal conviction)).

[2] The Magistrate Judge determined this day to be September 6, 2003, but pursuant to South Carolina Appellate Rule 234, "the day of the act, event, or default after which the designated period of time begins to run is not to be included." S.C.A.C.R. 234.

[3] Pursuant to Houston v. Lack, 477 U.S. 266, 270-71 (1988), a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court. The Houston v. Lack delivery date of the present petition is May 22, 2008.

days of non-tolled time had passed, rendering the present petition untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d).

Here, after reviewing South Carolina Appellate Rule 327(l), it appears that the Petitioner may have had thirty days to appeal the Court of Appeals' denial of his PCR application to the Supreme Court. Rule 227(l) provides:

> **(l) Transfer of Cases to the Court of Appeals.** The Supreme Court may transfer a case filed under this rule [which governs certiorari to review post-conviction relief actions] to the Court of Appeals. If transferred, the Court of Appeals shall proceed with the case in the same manner as the Supreme Court would have done under this rule with the exception that a petition for a writ of certiorari may be granted by one judge of a three-judge panel. *Review of any final decision of the Court of Appeals shall be by a petition for a writ of certiorari under Rule 226, SCACR.*

S.C.A.C.R. 227(l) (emphasis added). Rule 226 provides that a petition for a writ of certiorari be filed with the Supreme Court within 30 days after the final decision of the Court of Appeals. S.C.A.C.R. 226.

Here, even giving the Petitioner the benefit of the doubt and finding that his time stopped tolling on August 16, 2007, rather than July 16, 2007, it nevertheless appears that his petition is untimely. In other words, adding the 280 days of non-tolled time between August 16, 2007, and May 22, 2008, to the 93 days of non-tolled time from before the Petitioner filed his PCR application results in a total of 373 days of non-tolled time before the present petition was filed, thereby rendering the petition untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d).

Based on the foregoing, the Court agrees with the Magistrate Judge that the

Petitioner's § 2254 petition was not timely filed pursuant to 28 U.S.C. § 2244(d).[4]

## II.  Equitable Tolling

Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S. 832 (2004); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

In the present case, the Magistrate Judge rejected the Petitioner's argument that the limitations period should be equitably tolled due to circumstances beyond his control. Specifically, the Magistrate Judge found that the circumstances alleged by the Petitioner – that he had limited access to the law library; that he experienced room changes at his facility; that he was placed in protective custody; and that he underwent surgery and recovery – are not the types of extraordinary circumstances that justify the "guarded and

---

[4] In addition, as noted by the Magistrate Judge, the Petitioner does not appear to argue with this finding, as he admits that his petition "may be nearly one (1) month beyond his (1) year filing date." (Docket Entry #1 at 13.) He also states in his response to the Respondents' motion for summary judgment: "Petitioner acknowledges he is out of time . . . ." (Entry #28 at 2.)

infrequent" application of equitable tolling. In his one-page objections to the R&R, the Petitioner sets forth the same circumstances addressed and rejected by the Magistrate Judge and again claims that they are serious enough to justify equitable tolling.

After review, the Court agrees with the Magistrate Judge that the circumstances alleged by the Petitioner – "protective custody, recovery of surgery, limited access to law library, room changes & unit changes, and also prison transfers" – are not the types of circumstances that entitle a petitioner to equitable tolling. (See Entry #40 at 1.) As the Fourth Circuit stated in Harris v. Hutchinson:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000). Furthermore, courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing Harris, 209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for equitable tolling . . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." Id.; see also Jones v. South Carolina, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice,

9

ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).[5]

Here, the only circumstance alleged by the Petitioner that gives rise to *any* potential concern is the Petitioner's claim that he underwent surgery; however, as the Magistrate Judge pointed out, the Petitioner alleges that he was recovering from surgery between September 24, 2007, and October 11, 2007. Ultimately, the Court finds that, under the particular circumstances of this case, this 17-day recuperation period simply does not justify the application of equitable tolling. First, as noted by the Magistrate Judge, the Petitioner's limitations period had previously been tolled from December 9, 2002, until at least July 16, 2007, if not August 16, 2007. Second, after his recuperation period ended, in October of 2007, the Petitioner still had at least six months within which to timely file the present petition.

In sum, then, the Court agrees with the Magistrate Judge that the circumstances alleged by the Petitioner simply do not present those rare instances where it would be unconscionable to enforce the limitations period against the Petitioner.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R (Docket Entry #33) is adopted; the Petitioner's objections (Docket Entry #40) are overruled; the Petitioner's motion for summary judgment (Docket Entry #17) is denied; the Respondents' motion for summary

---

[5] As pointed out by Judge Currie in Jones, an example of "extraordinary circumstance" was found to exist by the Ninth Circuit Court of Appeals in Miles v. Prunty, 187 F.3d 1104 (9th Cir. 1999), where an inmate had relied on prison officials to cut a check and mail his § 2254 petition to the district court. 2006 WL 1876543, *3, n. 5.

judgment (Entry #18) is granted; and any other pending motions are deemed moot.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March **31**, 2009
Charleston, South Carolina

#11